In the Matter of the Application of ALMA LOUISE LARNER for a Writ of Habeas Corpus.

THE FARMERS' LOAN AND TRUST COMPANY, Appellant; ALMA LOUISE LARNER et al., Respondents.

APPEAL — SPECIAL TERM ORDER DENYING COMPENSATION TO ATTORNEY FOR INCOMPETENT. Where the application of an attorney for compensation for himself and others for services rendered in a habeas corpus proceeding for the discharge of an incompetent was denied at Special Term, upon the ground that the proceeding had been instituted in bad faith, or at least without authority, the Appellate Division, instead of reversing the order and allowing the attorney's claims in full, should send the proceeding back to the Special Term with instructions to inquire by reference or otherwise into the necessity or propriety of the habeas corpus proceeding, the right of such attorney, and those interested with him, to compensation, and the reasonableness of the charges for the services.

*Matter of Larner*, 68 App. Div. 320, modified.

(Argued February 11, 1902; decided February 18, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made January 17, 1902, which reversed an order of Special Term denying a motion for the payment out of the estate of said Larner, an incompetent, of certain claims for services alleged to have been rendered in certain habeas corpus proceedings taken for the discharge of said incompetent.

The facts, so far as material, are stated in the opinion.

*James F. Horan* for appellant. The application was not properly made in the name of Mrs. Larner. (*Carter* v. *Beckwith*, 128 N. Y. 312.) The order of the Special Term was properly made. (*Matter of Tracy*, 1 Paige, 582.) The order of the Appellate Division was erroneous. (*Matter of Chapman*, 162 N. Y. 456.)

*W. C. Beecher* for respondents. This not being a final order in a special proceeding is not appealable to this court. (*People* v. *A. L. & T. Co.*, 150 N. Y. 117; *N. Y. S. & T. Co.* v.

*S. G. & E. Co.*, 156 N. Y. 645; *Guarantee Co.* v. *P., R. & W. E. R. R. Co.*, 160 N. Y. 1; *Matter of Grab*, 157 N. Y. 69; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *S. S. Co.* v. *Seager*, 160 N. Y. 312; *Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Small*, 158 N. Y. 128.) The order below resting wholly in the discretion of the Supreme Court, this court will not review such discretion. (*Carter* v. *Beckwith*, 128 N. Y. 312; *People ex rel.* v. *Coler*, 168 N. Y. 6; *Matter of Hart*, 159 N. Y. 278; *Matter of Peckamose Club*, 151 N. Y. 511; *Sternberger* v. *Sternberger*, 153 N. Y. 584; *Atty.-Gen.* v. *Olyphant*, 155 N. Y. 441.) Where an application is made in good faith to secure the discharge of an alleged incompetent, the court will award compensation even though the application fails. (Code Civ. Pro. §§ 2015, 2020; *Ordway* v. *St. S. Sanitarium*, 34 App. Div. 363; *Carter* v. *Beckwith*, 128 N. Y. 312.) It was not necessary to obtain the permission of the committee before applying for the writ of habeas corpus. (Code Civ. Pro. § 2017; L. 1896, ch. 545, § 73.)

WERNER, J. We would be disposed to grant the application of counsel for the respondent for leave to apply to the Appellate Division for an amendment of the order of reversal, were it not for the necessity of sending back this proceeding for a rehearing in any event. The application by respondent's counsel for compensation for himself and others who claim to have rendered services for the incompetent in the habeas corpus proceeding was denied at Special Term upon the ground that the said proceedings had been instituted in bad faith, or at least without authority. The Appellate Division reversed the order of the Special Term and allowed the full amount of the claims presented by respondent's counsel on his own behalf and for those interested with him. We think that the Appellate Division, instead of simply reversing the order of the Special Term, should have sent the proceeding back to that court with instructions to inquire by reference or otherwise into the necessity or propriety of the habeas corpus

proceeding, the right of the respondent's counsel and those interested with him to compensation, and the reasonableness of the charges upon which the claims herein are based.

The order of the Appellate Division should, therefore, be modified so as to direct that this proceeding be remitted to the Special Term with instruction to proceed therein as above indicated, and as so modified affirmed, with costs to abide the final award of costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and CULLEN, JJ., concur.

Ordered accordingly.