S. Samuel Di Falco, S.
In this proceeding, instituted by the administrator under section 211-b of the Surrogate’s Court Act, to determine the validity of certain claims which were presented to him, a question of law was raised at the outset, namely, whether the claimants could recover under any circumstances.
The testimony thus far submitted by the claimant attorney reveals the following facts. The decedent had been judicially declared incompetent. She was not restricted in her movements and had the use of certain limited funds. In May or June, 1962, she consulted the claimant attorney with respect to vacating the adjudication and restoring her property to her. She explained that she had been adjudicated an incompetent during the prior year, that a committee had been appointed for her, but that she believed the adjudication to have been unjustified. The attorney told her that if she would submit to examination by competent psychiatrists and was found by them to be competent, he would undertake proceedings in her behalf. The decedent agreed to co-operate. There was substantial investigation by the attorney, several conferences with the decedent, and services rendered by psychiatrists, whose claims have also been submitted to the administrator. At this point in the trial, the administrator argued that the facts established that there was no right at all on the part of any of the claimants to recover because the decedent was legally incompetent to make a contract or to incur such obligations. The question of law was submitted to the court for determination prior to further hearing. It would appear that the decedent’s death took place before the proceeding to vacate the adjudication could move forward very far.
There is no doubt that the claimants may not recover on the theory of a contract by the decedent to pay for services arising out of her retainer of the claimants. ‘ ‘ The law is well settled that a lunatic whose lunacy has been judicially determined and for whom a Committee had been appointed, is incapable of entering into any contract, and that any contract which he may assume to make while in that situation, is absolutely void.” (Carter v. Beckwith, 128 N. Y. 312, 316.) However, the rule also appears to be well settled that the court does have authority to direct payment from the incompetent’s property for services that were of value to him, were reasonable in amount and were rendered *1034 in good faith. The exercise by a court of its authority to deprive a person of his liberty and his property on the ground of his mental incompetency is, as the Court of Appeals, has stated, “ the exercise of a supreme power, and should be surrounded by all reasonable safeguards to prevent mistake or fraud”, and when in a case which is presented to the court ‘1 there is reasonable ground to inquire whether the lunacy still continues, it is highly important for the protection of the rights of the party that he should be afforded all reasonable facilities for the prosecution of the inquiry, and it cannot, we think, be doubted that the court has the power on an application to supersede the commission, where it is convinced that there is probable cause, or even, in a doubtful case, to make the reasonable costs and expenses of the traverse a charge upon the lunatic’s estate, and this although the traverse prove unsuccessful.” (Carter v. Beckwith, supra, p. 319.)
The authority to make such allowance would thus seem to rest upon the supervisory power over the incompetent’s property and the duty to use his property for his protection, as well as his maintenance. In Carter v. Beckwith, the court pointed out that during the pendency of the commission, the question whether costs for an unsuccessful traverse should be allowed out of the estate of the incompetent was a question exclusively within the province of the court having jurisdiction over his property, but upon his death, the power of the committee terminates ipso fado and any claim for such allowances must be settled and adjusted in the ordinary course of the administration of his estate, (p. 320). The administration of the estate of the incompetent is now before this court.
The claimants must establish that the services were rendered in good faith, on probable cause and that the amounts requested are reasonable under all of the circumstances (Carter v. Beck-with, supra; Matter of Larner, 170 N. Y. 7, modfg. 68 App. Div. 320).
This matter is accordingly placed upon my calendar for further hearing on June 22,1967, at 11:15 a.m.